IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JUSTIN CREDICO** (#71239-066), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 1973 |
| | ) |
| **BLUE ISLAND TOWNSHIP**, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court denies Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) and summarily dismisses the complaint and this action with prejudice in view of Plaintiff's failure to accompany this suit with the statutory filing fee. Having brought this action, Plaintiff nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, Plaintiff must pay any outstanding fees.

### Statement

Plaintiff Justin Credico, a federal prisoner incarcerated in Philadelphia, Pennsylvania, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that a Blue Island police officer retaliated against him for exercising his First Amendment rights. Plaintiff alleges that he and the officer had a heated discussion over the telephone in February 2014 concerning Blue Island police having purportedly pepper sprayed an "Occupy" protester. Afterwards, Plaintiff maintains, the officer called him back to threaten that both he and his family were "doomed." Plaintiff also asserts a Monell claim against the Blue Island Township.

Plaintiff initiated this suit without either paying the statutory filing fee or submitting an application for leave to proceed in forma pauperis. A review of U.S. PACER confirms that Plaintiff is ineligible for IFP status because (a) he has accumulated at least three "strikes," and (b) this case does not involve imminent danger of serious physical injury.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

U.S. PACER reflects some sixty-eight cases where Mr. Credico has been a Plaintiff or Petitioner, as well as approximately fifty-nine appeals to date. The U.S. Court of Appeals for the Third Circuit has repeatedly advised Plaintiff that he has "struck out" under Section 1915 and that, consequently, "he may not proceed *in forma pauperis* unless he can show 'imminent danger of serious physical injury'" when he files a lawsuit or appeal. See Credico v. Facebook, No. 14-1616 (3d. Cir.), Order of October 21, 2014; Credico v. Facebook, Case No. 15-2727 (3d. Cir.), Order of October 9, 2015; and Credico v. United States, No. 15-2110 (3d. Cir.), Order of November 2, 2015.

Plaintiff cannot reasonably argue that this case involves imminent danger of serious physical injury. Even assuming (without finding) both that the perceived threat was genuine, and that the threat could be characterized as "retaliation" for purposes of 42 U.S.C. § 1983, the alleged

- 2 -

telephone call that so disturbed Plaintiff took place just over two years ago. Plaintiff does not suggest that he has had any further contact with the unnamed Blue Island police officer. Furthermore, the officer in question would have considerable trouble gaining access to Plaintiff, who is currently behind bars, and in a federal facility located almost 800 miles away from Blue Island.

Notwithstanding his knowledge that he must prepay the filing fee in connection with any new lawsuits or appeals in the absence of imminent danger, Plaintiff failed to do so in this case. When an inmate aware of his Section 1915(g) status fails to make the required prepayment, the Court may summarily dismiss the action without giving the litigant additional time to pay. Sloan v. Lesza, 181 F.3d 857, 858-59 (7th Cir. 1999).

For the foregoing reasons, the case is terminated. However, having brought this action, Plaintiff remains obligated to pay the full filing fee. See 28 U.S.C. § 1915(b)(1); Sloan, 181 F.3d at 859. Before pursuing any future litigation, Plaintiff must pay any outstanding fees. Id.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 8, 2016