# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JUSTIN CREDICO** (#71239-066), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16 C 1973 |
| **BLUE ISLAND TOWNSHIP**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Justin Credico ("Credico"), a federal prisoner in custody in the Philadelphia, Pennsylvania Federal Detention Center, initiated this pro se action under the claimed auspices of 42 U.S.C. § 1983 ("Section 1983"). According to Credico, before his incarceration there a Blue Island, Illinois police officer threatened and "retaliated" against him for having exercised his First Amendment right to express his disapproval of law enforcement's purported mistreatment of protesters. Earlier this month (on February 8) this Court dismissed this action in view of Credico's failure to prepay the statutory filing fee despite his prior accumulation of more than three "strikes" (see 28 U.S.C. § 1915(g) ("Section 1915(g)")).

Credico has now filed a motion for reconsideration, insisting that he has not accumulated three strikes. That contention is flat-out belied by repeated rulings by the Court of Appeals for the Third Circuit that he has indeed done so, so that "he may not proceed in forma pauperis unless he can show 'imminent danger of serious physical injury'" when he files a lawsuit or appeal (see, e.g., order of October 21, 2014 in Credico v. Facebook, No. 14-1616 (3d Cir.), order of October 9, 2015 in Credico v. Facebook, No. 15-2727 (3d Cir.) and order of November 2, 2015 in Credico v. United States, No. 15-2110 (3d Cir.)). Credico offers no predicate for asserting that any of his prior dismissals should not count as strikes.

Although Credico now challenges the constitutionality of Section 1915(g), <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002) has expressly upheld the validity of the "three strikes rule" in these terms:

> Section 1915(g) imposes a penalty for crying "wolf." Making it harder to do so again is an eminently reasonable approach, compatible with all of the many constitutional provisions that Lewis has tried to set against it.

It is an understatement to place Credico under the "crying 'wolf'" rubric: U.S. PACER reflects some 68 cases and 59 appeals involving him. Indeed, it is difficult to conceive anyone who is better suited to that label.

Finally, Credico is also mistaken in his contention that this action takes him outside the reach of the statute because the case involves "fundamental constitutional rights." There is no such exception under Section 1915(g) -- instead ordinary rules of statutory construction teach that the single statutory exception ("unless the prisoner is under imminent danger of serious physical injury") impliedly negates the existence of any unspoken ones.

## Conclusion

For the foregoing reasons, this Court remains satisfied that it properly dismissed this case in light of Credico's failure to have made the required prepayment of the statutory filing fee (see <u>Sloan v. Lesza</u>, 181 F.3d 857, 858-59 (7th Cir. 1999)). Credico's motion for reconsideration (Dkt. No. 5) is wholly without merit and is denied. This action remains closed.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 29, 2016